UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AUDRAIN JONES,<br><br>Plaintiff,<br><br>v.<br><br>DAVE LIBEL, et al.,<br><br>Defendants. | CAUSE NO. 3:22-CV-84-JD-MGG |

OPINION AND ORDER

Audrain Jones, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jones, a practicing Muslim, alleges that he is being denied halal meals. Inmates requiring kosher meals due to their religious beliefs are provided with them, and inmates who prefer lacto-ovo and vegan diets are provided with them. Inmates requiring halal meals due to their religious beliefs, however, are not provided with a diet consistent with their beliefs. Jones is being held in maximum security lockup due to a disciplinary offense. He claims that, while in lockup, he has been prohibited from

participating in jumah Friday service, which is required by his faith. He is permitted to watch the service on a tablet, but he says that merely watching the service does not satisfy his religious obligation. He has sued Commissioner Robert E. Carter, Warden John Galipeau, and Religious Director David Libel for monetary damages and injunctive relief.

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Moreover, the Supreme Court of the United States has long established "the general proposition that a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993).

The Religious Land Use and Institutionalized Persons Act (RLUIPA) affords even broader protections than the First Amendment. This act prohibits governmental entities from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *see generally Holt v. Hobbs*, 574 U.S. 352 (2015). Although money

damages and injunctive relief are available under the First Amendment, only injunctive relief is available under RLUIPA. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011).

Here, Jones alleges generally that the defendants denied him and all Muslim inmates halal meals, but he offers no specifics about his request for halal meals, including when the request was made, who he directed the request to, or the response he received. He does not indicate whether any of the meal types that are offered (kosher, lacto-ovo, or vegan) would satisfy his religious obligations, or (if so) whether he asked any of the defendants to accommodate his religious beliefs by providing one of the available meal types.[1] Similarly, he indicates that he has been denied the opportunity to participate in jumah in person, but he does not offer specifics about his request, including when it was made, who it was directed to, or the response he received. There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). [P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 596. Therefore, Jones may not proceed on a First Amendment claim for monetary damages against Commissioner Carter, Warden Galipeau, or Director Libel.

---

[1] Many Muslim inmates have found that either a kosher or vegan diet satisfies their religious tenants. *See Jones v. Carter*, 915 F.3d 1147, 1148 (7th Cir. 2019) (noting that "[s]ince there is overlap in halal and Jewish kosher requirements, some Muslims—including Jones—find kosher food to be an acceptable alternative to a purely halal diet" and "[w]hile many Jewish and Muslim inmates would find a nutritionally adequate vegetarian diet that otherwise satisfies kosher standards to be fully compatible with their beliefs, Jones does not.").

3

Jones also requests injunctive relief. He asks the court to order the defendants to provide him with a halal diet and the opportunity to be present for and participate in all jumah services. He also wants IDOC to provide halal diets to other inmates. To the extent Jones is seeking relief on behalf of other inmates through his request for halal diets within the prison system generally, he may not do so. *See In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011) ("[I]ndividuals are permitted to litigate pro se, though not to represent other litigants."). As to his request that he, personally, be provided with a halal diet and the opportunity to be present for and participate in jumah, he will be allowed to proceed on an injunctive relief claim against Warden Galipeau pursuant to RLUIPA.[2] *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out."). If Jones prevails, he will not be entitled to dictate specifically how that relief is implemented. *See Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012) (The PLRA mandates that "remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal

---

[2] It would be pointless to allow Jones to proceed under either the First Amendment or the Equal Protection Clause in addition to RLUIPA, because the relief sought is duplicative. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing additional claims based on same circumstances because the claim "gains nothing by attracting additional constitutional labels"); *Covington v. Perry*, No. 5:15-CT-3177-FL, 2018 WL 4964360, at *13 (E.D.N.C. Oct. 15, 2018) ("Additionally, to the extent plaintiff is pursuing a claim for injunctive relief against defendants in their individual or official capacities under the First Amendment, the claim is entirely duplicative of the RLUIPA claim because plaintiff requests the same form of injunctive relief (provision of a halal-compliant diet) under both provisions."); *Smith v. Frank*, No. 07-C-83, 2009 WL 750272, at *8 (E.D. Wis. Mar. 20, 2009) ("Plaintiff's equal protection claim is duplicative to his RLUIPA and First Amendment claims because they all involve the same set of facts.").

4

right.") (internal quotation marks, brackets, and citations omitted)). Therefore, injunctive relief—if granted—would be limited to requiring that Jones be provided with an opportunity to participate in jumah and a diet that accommodates his Muslim religious beliefs to the extent required by RLUIPA.

For these reasons, the court:

(1) GRANTS Audrain Jones leave to proceed against Warden Galipeau in his official capacity for injunctive relief to provide him with a diet that accommodates his Muslim religious beliefs and the opportunity to be present for and participate in jumah to the extent required by RLUIPA;

(2) DISMISSES all other claims;

(3) DISMISSES Commissioner Robert E. Carter and Religious Director Dave Libel;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Warden John Galipeau at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden Galipeau to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to

the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 28, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT